LAGONDA MFG. CO. v. ELLIOTT CO.

(Circuit Court of Appeals, Third Circuit. February 25, 1914. Rehearing Denied June 11, 1914.)

No. 1778.

1. PATENTS (§ 285*)—SUIT FOR INFRINGEMENT—LICENSE—BILL.

Where several patents formed parts of a co-operating set and were all involved in the construction of a license agreement which alone could justify defendant's noninfringing use of any of them, they were all properly made the subject of a single bill for infringement on complainant's theory that the license did not warrant defendant's use.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 445; Dec. Dig. § 285.*]

2. PATENTS (§ 211*)—LICENSE—LIMITATIONS.

Where a settlement agreement involving patents to boiler tube cleaners conferred on defendant the right to manufacture, use, and sell to others for use throughout the United States the combination of a patent, but declared that the license should not authorize the manufacture, sale, or use after July 1, 1908, of any form of cleaner head or motor that infringes letters patent on cleaner heads or motors "now or hereafter owned by complainant," the license limited defendant's right to a sale of the devices in the United States.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 304–311; Dec. Dig. § 211.*]

3. PATENTS (§ 129*)—LICENSE—SUBSEQUENT PATENTS—VALIDITY—RIGHT TO CONTEST—ESTOPPEL.

Where a license to manufacture, use, and sell throughout the United States a combination patent provided that it should not authorize the manufacture, sale, or use after July 1, 1908, of any form of boiler cleaner head or motor that infringed letters patent on cleaner heads or motors then or thereafter owned by complainant, it did not estop defendant to thereafter question the validity of subsequently issued patents owned by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complainant not mentioned in the agreement and covering inventions not shown to have been then conceived.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 182½–186; Dec. Dig. § 129.*]

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Bill in equity by the Elliott Company against the Lagonda Manufacturing Company for patent infringement. Decree for complainant (205 Fed. 152), and defendant appeals. Modified and affirmed.

Staley & Bowman, of Springfield, Ohio, for appellant.
Bakewell & Byrnes, of Pittsburgh, Pa., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge: In the court below the plaintiff, the Elliott Company, the owner of several patents—viz., No. 656,446, granted August 21, 1900, to W. S. Elliott; No. 830,808, granted September 11, 1906, to A. H. Swartz; No. 874,174, granted December 17, 1907, to W. S. Elliott and F. M. Faber; No. 983,032, granted January 31, 1911, to W. S. Elliott and F. M. Faber; and No. 983,034, granted January 31, 1911, to W. S. Elliott and F. M. Faber—filed a bill against the Lagonda Manufacturing Company charging infringement thereof. After final hearing, that court, in an opinion reported at 205 Fed. 152, held said charges of infringement were sustained. From a decree so holding the defendant appealed to this court.

The case is somewhat complicated, but by reference to the opinion cited we avoid needless restatement. It there appears that some of these patents were the subject of an agreement between these parties, dated February 8, 1908. This appeal, in principal part, turns on the meaning and effect of that paper. The case was so fully discussed by the court below, and, as we concur, save in one minor detail, with that court's views, we will limit ourselves to briefly stating the conclusions we have reached.

[1] First. The subject-matter of these patents, their conjoint use as component parts of a co-operating set, the fact that they were all involved in the construction of the agreement which alone could justify a noninfringing use of any of them, were factors which made it peculiarly fitting that infringement thereof should be made the subject of a single bill. The introduction of the license in the bill was a mere incident to the correct statement of the complaint. The plaintiff was the owner of the patents named in the agreement. That agreement was the only possible justification for defendant's use of the devices covered by such patents. It therefore follows that, as such agreement did not warrant such use, the case was in reality one of infringement.

[2] Second. We are of opinion the court below was right in holding that the license granted by the agreement to manufacture, use, and sell to others for use throughout the United States, extended no far-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ther than the United States. Bearing in mind the situation of the parties when this agreement was made, the expressed purpose throughout the agreement to restrict, in several particulars, the licenses covering the several patents—in one a time limit and in all a personal restriction—we think the court below properly gave to the license the territorial limitation its wording plainly expressed.

[3] Third. We think, however, the court erred in holding the Lagonda Company was estopped to question the validity of Patents Nos. 983,032, 983,034, and 874,174. If the Lagonda Company were a licensee by contract, it could not, of course, do this. But it is here charged with infringement. We find no contract relation which creates an estoppel and forbids it raising the question of the validity of these patents. They are not specified in the agreement, nor are any licenses granted the Lagonda Company under them. If that company has infringed them, no warrant for such tort is found in this agreement. Indeed, the implication of any such license is expressly negatived by the contract, which after granting a license under patent No. 656,446, adds:

"But such license shall not be held to authorize the manufacture, sale, or use by said Lagonda Company after July 1, 1908, of any form of cleaner head or motor that infringes letters patent on cleaner heads or motors now or hereafter owned by the Liberty Company."

Such being our conclusions, the injunctions granted should be modified so as not to cover the three patents just mentioned. As to them, the case may proceed in due course.

So modified, the decree below is affirmed.